# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

MICHAEL ANTHONY PRUITT                                                                                     PLAINTIFF

v.                                      4:16CV00814-BSM-JJV

C. WILLIAMS, Lieutenant, White
County Detention Center; *et al.*                                                               DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.   INTRODUCTION**

Michael Pruitt ("Plaintiff") and two other plaintiffs filed this action *pro se* and pursuant to 42 U.S.C. § 1983.  (Doc. No. 1.)  They allege Defendants violated his First Amendment rights with regard to the free exercise of religion.  (*Id*. at 4.)  On December 13, 2016, I notified Plaintiff that his Complaint was devoid of facts and failed to state a claim upon which relief may be granted.  (Doc. No.7.)  I suggested dismissal would be likely and offered him a chance to amend within thirty days.  (*Id.*)

On January 12, 2017, Plaintiff requested additional time to "submit an appeal for this case" but I denied that Motion because there had been no appealable order filed. (Doc. No. 9.)  Nevertheless, I extended the time for Plaintiff to choose whether or not he wanted to file an Amended Complaint until February 1, 2017.  (*Id.*)  The time has expired for Plaintiff to file an Amended Complaint and he has filed nothing.  So after careful consideration of

Plaintiff's Complaint, for the following reasons, I conclude this cause of action should be dismissed for failure to state a claim upon which relief may be granted.

## II. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III.   ANALYSIS

The Complaint makes six allegations but only one pertains to Mr. Pruitt. (Doc. No. 1 at 4-5.) The relevant allegation only says, "On Oct. 30 2016 we . . . were forcefully denied our religion as a form of punishment by Ms. Crenshaw, Lt. Williams, Corporal Donnell . . . ." (*Id.* at 4.) Although I am always concerned about any allegation stating jailers denied an inmate the right to practice their religion, this allegation wholly fails to state sufficient facts about how Defendants Crenshaw, Williams and Donnell actually violated Plaintiff's constitutional rights. Without more, these allegations simply fail to state a claim upon which relief can be granted. *Bell Atlantic Corp.*, 550 U.S. at 570 (a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"). If Plaintiff has additional facts to offer that would support an allegation these Defendants violated his constitutional rights, he should state them in his objections to this Recommended Disposition.

### IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.   Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 2nd day of February, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE